UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HUTCH & ASSOCIATES, INC. d/b/a HUTCH'S RESTAURANT; and DELAWARE RESTAURANT HOLDINGS, LLC d/b/a REMINGTON TAVERN & SEAFOOD EXCHANGE, for themselves and on behalf of a class of similarly situated policyholders,

Plaintiffs,

- v -

ERIE INSURANCE COMPANY OF NEW YORK; ERIE INDEMNITY COMPANY d/b/a ERIE INSURANCE GROUP; ERIE INSURANCE COMPANY; ERIE INSURANCE PROPERTY & CASUALTY COMPANY; ERIE INSURANCE EXCHANGE; and FLAGSHIP CITY INSURANCE COMPANY,

Defendants.

Civ. Action No.: 1:20-cv-00896-GWC

*Hon. Geoffrey Crawford, Presiding*

---

BUFFALO XEROGRAPHIX INC., SHATKIN F.I.R.S.T. INC, AND TODD E. SHATKIN DDS PLLC for themselves and on behalf of a class of similarly situated policyholders,

Plaintiffs,

- v -

THE HARTFORD INSURANCE GROUP a/k/a THE HARTFORD FINANCIAL SERVICES GROUP, INC.; SENTINEL INSURANCE COMPANY, LTD.; HARTFORD CASUALTY INSURANCE COMPANY; and HARTFORD INSURANCE COMPANY OF THE MIDWEST;

Defendants.

Civ. Action No.: No. 20-cv-00520-GWC

*Hon. Geoffrey Crawford, Presiding*

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS'
MOTION TO CONSOLIDATE

Buffalo, New York
November 5, 2020

DUKE HOLZMAN PHOTIADIS & GRESENS LLP
Charles C. Ritter, Jr.
Steven W. Klutkowski
Christopher M. Berloth
*Attorneys for Plaintiffs*
701 Seneca Street, Suite 750
Buffalo, New York 14210
critter@dhpglaw.com
sklutkowski@dhpglaw.com
cberloth@dhpglaw.com

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .......... iv

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

I. The Policies .......... 2

II. The Coverage Denials .......... 2

III. The Motions to Dismiss .......... 3

ARGUMENT .......... 5

I. Motion to Consolidate Standard .......... 5

II. The Covid-19 BI Cases Should Be Consolidated For the Sole Purpose of Jointly Considering Whether The Physical Loss Language Can Cover Damage and Loss Arising From the Presence of a Virus .......... 6

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**STATUTES/RULES/REGULATIONS:**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ........................................ 3

FEDERAL RULE OF CIVIL PROCEDURE 42(a) ........................................ 2, 5, 6, 8

**Cases** **Page**

Abrams v. Occidental Petroleum Corp., 44 F.R.D. 543 (S.D.N.Y 1968);........................................6

D'Amico v. Waste Mgt. of New York, LLC, 2019 WL 6648982 ........................................5

Doe v. Village of Saugerties, 2007 U.S. Dist. LEXIS 45159 (N.D.N.Y. June 18, 2007) ...............6

J.H. v. Williamsville Cent. School Dist., 2015 WL 2080221........................................5

MacAlister v. Guterman, 263 F2d 65 (2d Cir. 1958)........................................6

McIntosh v. Bank of Am., 2009 WL 2901597 ........................................5

Metzgar v. U.A. Plumbers and Steamfitters Local No. 22 Pension Fund, 2017 WL 3722456 .......5

OHM Remediation Services Corp. v. Hughes Envtl. Sys., Inc., 952 F Supp 120, 121 (N.D.N.Y. 1997) ........................................6

Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co., 505 F.2d 989, 1000 (2d Cir. 1974) .......7

## PRELIMINARY STATEMENT

The following four cases pending in the Western District of New York have a common question of law concerning business interruption ("BI") insurance coverage related to the presence of novel coronavirus and the disease COVID-19 (collectively "COVID-19") at the plaintiffs/insureds' property:

1. *Buffalo Xerographix Inc. et al. v. The Hartford Ins. Grp. et al.*, (W.D.N.Y. Index No. 1:20-cv-00520) (Hon. Geoffrey Crawford, Presiding)(the "BXI/Hartford Action");

2. *Hutch & Assocs., Inc. et al. v. Erie Ins. Co. of N.Y. et al.*, (W.D.N.Y. Index No. 1:20-cv-00896) (Hon. Geoffrey Crawford, Presiding)(the "Hutch/Erie Action"); and

3. *Kim-Chee LLC et al. v. Philadelphia Indemnity Insurance Company et al.*, (W.D.N.Y. Index No. 1:20-cv-01136) (Hon. Christina Reiss, Presiding)(the "Kim/Philadelphia Action).

4. *Salvatore's Italian Gardens, Inc. et al. v. Hartford Fire Ins. Co.*, (W.D.N.Y. Index No. 1:20-cv-00659) (Hon. Lawrence J. Vilardo and Hon. Leslie G. Foschio, Presiding)( the "Salvatore's/Harford Action");

(collectively, the "Covid-19 BI Cases").

In all four of the Covid-19 BI Cases, (1) the defendants/insurers issued the plaintiffs/insureds insurances policies covering "all risks" that cause "direct physical loss of or damage to"[1] their property, unless specifically excluded or limited, (2) the plaintiffs/insureds sought COVID-19 related insurance coverage under their policies, and (3) the defendants/insurers denied coverage pursuant to the shared position asserted in the Covid-19 BI Cases that presence of COVID-19 at the plaintiffs/insureds' covered property is not, and could not cause, "direct physical loss of or damage to" property, as a matter of law.

Plaintiffs in the BXI/Hartford Action and Hutch/Erie Action submit this Memorandum of

[1] The policy language requiring "direct physical loss of or damage to" property may hereinafter be referred to as the "Physical Loss Language".

Law in support of their joint-motion requesting that Covid-19 BI Cases be consolidated pursuant to Federal Rule of Civil Procedure ("Rule") 42(a) for the limited purpose of jointly considering whether the presence of COVID-19 is, or could cause, "direct physical loss of or damage to" property to trigger coverage under the subject insurance policies (the "Common Question").

## BACKGROUND

### I. The Policies

The subject policies are commercial property all-risk policies (as opposed to specific peril policies) that cover "all risks" that cause "direct physical loss of or damage to" the plaintiffs/insureds' covered property, unless the loss or damage is excluded or limited in this policy.

The insurance policy at issue in the Salvatore's/Harford Action *includes* a well-known, widely used insurance exclusion developed by Insurance Services Office, Inc. ("ISO") in 2006 that excludes coverage for "direct physical loss of or damage to" property "caused by or resulting from any virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness or disease" (the "Virus Exclusion"). (See Salvatore's/Harford Action, Dkt. 21-1, at 14).

The insurance policies at issue in the BXI/Hartford Action, Hutch/Erie Action, and Kim/Philadelphia Action *do not* include the Virus Exclusion any similar exclusion excluded or limited coverage for loss caused by a virus.

### II. The Coverage Denials

In all four Covid-19 BI Cases, the plaintiffs/insureds filed claims for BI coverage for losses as resulting from presence of COVID-19 at their covered properties. In all four Covid-19 BI Cases, the defendants/insurers denied insurance based on the position that COVID-19 did not cause direct

physical loss of or damage to the plaintiffs/insureds' covered properties. In addition, in the Salvatore's/Harford Action, the insurer also denied coverage based on the position that the Virus Exclusion its polciy excluded coverage caused by or resulting from COVID-19.

**III. The Motions to Dismiss**

The defendants/insurers in the Hutch/Erie Action and Kim/Philadelphia Action filed motions to dismiss pursuant to Rule 12(b)(6) arguing that that presence of COVID-19 at the plaintiffs/insureds' covered property is not, and could not cause, "direct physical loss of or damage to" property, as a matter of law. The defendants/insurers' argument is based on their interpretation that the Physical Loss Language requires observable, physical alteration to the covered property. The plaintiffs/insureds in both those actions have filed opposition papers and reply briefs are still pending. Briefing in the Hutch/Erie Action and Kim/Philadelphia Action the is scheduled to conclude on November 6, 2020.

The defendant/insurer in the Salvatore's/Harford Action also filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that that presence of COVID-19 at the plaintiff/insured's covered property is not, and could not cause, "direct physical loss of or damage to" property, as a matter of law, because the Physical Loss Language requires observable, physical alteration to the covered property. In addition, the defendants/insurers in the Salvatore's/Harford Action argue that dismissal is required because the "policy includes a straightforward virus exclusion" and "[t]he plaintiffs' allegations fall squarely within that language." (Salvatore's/Harford Action, Dkt. 21-1, at 14). In the Salvatore's/Harford Action, the plaintiff/insured's opposition to the motion to dismiss is due on November 9, 2020, and the defendant/insurers reply is due on November 24, 2020. (Id., Dkt. 33). Notably, the defendant/insurer is arguing that coverage should be denied as a matter of law, irrespective of the Virus Exclusion based on its no "direct physical loss"

argument—the exact same issue presented in the other three actions.

In sum, briefing on motions to dismiss concerning the same legal question are scheduled to concluded between November 6 and November 9, 2020, in three separate actions pending in the Western District of New York: (1) the Hutch/Erie Action, (2) the Kim/Philadelphia Action, and (3) the Salvatore's/Harford Action.

Regarding the BXI/Hartford Action, although (1) the defendants/insurers in the Salvatore's/Harford Action and the insurer defendant in the BXI/Hartford Action are both The Hartford insurers, (2) both actions concern substantially the same claim for coverage pursuant to the same Physical Loss Language, and (3) the defendants/insurers in both action have the same counsel, in the BXI/Hartford Action, the defendants/insurers filed answers and did not file motions to dismiss on coverage grounds.[2]

The Hartford's counsel's strategy is transparent. As detailed below, because the known omission of the Virus Exclusion is highly material to the interpreting whether the presence of COVID-19 falls within coverage under Physical Loss Language, The Hartford's counsel seeks a decision on that language in a lawsuit in which the policy does contain a Virus Exclusion.

In other words, in the BXI/Hartford Action, to avoid the consequence of its clients' failure to include the known and widely used Virus Exclusion to unambiguously make clear that the policies' do not cover "direct physical loss of or damage to" property arising from a virus, counsel is attempting to have that language interpreted and defined in the Salvatore's/Harford Action first, so that it can then use that interpretation in the BXI/Hartford Action.

As discussed below, the Common Question at issue in the Covid-19 BI Cases, as well as

[2] In BXI/Hartford Action, one of the insurers/defendants, The Hartford Insurance Group, the parent company of The Harford insurance companies, filed a motion to dismiss on grounds other than coverage. The other insurers/defendants in that action answered the complaint.

the prejudice that would arise from allowing The Hartford to seek interpretation of the Physical Loss Language without giving the plaintiffs/insureds that had policies without a Virus Exclusion an opportunity to be heard, requires joint consideration of the Common Question in the Covid-19 BI Cases.

## ARGUMENT

### I. Motion to Consolidate Standard

Rule 42(a) provides: *If actions before the court involve a common question of law* or fact, *the court may*: (1) *join for hearing* or trial *any or all matters at issue in the actions* . . . ." Id. (emphases added).

"Courts have broad discretion when determining whether consolidation is appropriate. In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues." D'Amico v. Waste Mgt. of New York, LLC, 2019 WL 6648982, at *2 (W.D.N.Y. Dec. 6, 2019) (citations omitted). "Consolidation should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." McIntosh v. Bank of Am., 2009 WL 2901597, at *3 (W.D.N.Y. Sept. 4, 2009).

"Rule 42(a) requires only that the actions to be consolidated 'involve a common question of law or fact' for consolidation to be available," and "[c]ommon questions of law and fact do not have to predominate." J.H. v. Williamsville Cent. School Dist., 2015 WL 2080221, at *4 (W.D.N.Y. May 4, 2015). Moreover, "[t]he fact that the actions have different parties is not a bar for consolidation." Metzgar v. U.A. Plumbers and Steamfitters Local No. 22 Pension Fund, 2017 WL 3722456, at *2 (W.D.N.Y. Aug. 29, 2017).

"Rule 42(a) seeks to avoid overlapping duplication in motion practices . . . . Such consolidation does not merge the four actions into a single case; nor does it change the rights of

the parties; nor does it make those who are parties in one action parties in another. The separate actions are not merged." Abrams v. Occidental Petroleum Corp., 44 F.R.D. 543 (S.D.N.Y 1968); see also MacAlister v. Guterman, 263 F2d 65 (2d Cir. 1958) (finding Rule 42(a) consolidation appropriate to avoid "overlapping duplication in motion practice").

"Further, another primary and indisputable objective of consolidation is to prevent separate actions from producing conflicting results." Doe v. Village of Saugerties, 2007 U.S. Dist. LEXIS 45159 (N.D.N.Y. June 18, 2007) (citing OHM Remediation Services Corp. v. Hughes Envtl. Sys., Inc., 952 F Supp 120, 121 (N.D.N.Y. 1997)).

## II. The Covid-19 BI Cases Should Be Consolidated For the Sole Purpose of Jointly Considering Whether The Physical Loss Language Can Cover Damage and Loss Arising From the Presence of a Virus

The Covid-19 BI Cases should be consolidated for the limited purpose of jointly considering whether the presence of COVID-19 is, or could cause, "direct physical loss of or damage to" property to trigger coverage under the subject insurance policies (the "Common Question"). This Common Question of law is central to all of the Covid-19 BI Cases and is present in pending motions in three of the four Covid-19 BI Cases. Thus, consolidation for joint consideration of that common legal question will aid in the efficient administration of the cases, will avoid unnecessary duplication of judicial and litigant resources, and will prevent confusion and the potential for conflicting decisions on the same legal question in same district court.

In addition, the plaintiffs/insureds in the cases without a Virus Exclusion will be prejudiced by, and this Court must reject, the attempt to have the Common Question determined first in the Salvatore's/Harford Action—which includes a Virus Exclusion—without providing the plaintiffs in the other actions an opportunity to be heard with regard to the impact of their defendants/insurers' material omission of the Virus Exclusion in their policies and cases.

As fully detailed in the Memorandum of Law filed in Opposition to Defendants' Motion to Dismiss in the Hutch/Erie Action (the "Hutch Opp. Brief"), the following factors are vital in examining the meaning of the policy language: (a) the purpose, history, and evolution of all-risk insurance policies (as opposed to specific peril policies); (b) the creation and history of the Virus Exclusion widely used in the all-risk insurance policies; and (c) an insurer's failure to include the known Virus Exclusion in the policies when interpreting the Physical Loss Language. (A copy of the referenced Memorandum of Law is annexed hereto as ***Exhibit A***).

As detailed in Hutch Opp. Brief, pursuant to governing law and well-settled principles of contractual interpretation, the insurers' failure to (1) include the well-known Virus Exclusion in the polciy and/or (2) define "direct physical loss of or damage to" in the policy, requires a finding that the policy covers virus-related losses. This is especially true in light of the fact that, at the time that the subject policies were issued in 2019 and/or 2020, numerous cases nationwide, spanning more than fifty (50) years: (i) rejected the defendants/insurers' argument that coverage for "direct physical loss of or damage to" property requires physical alteration to the property, and (ii) held that various substances, including disease- and illness-causing agents, are covered under policies containing the very language that defendants/insurers claim brings the instant losses outside the scope of coverage.

Furthermore, as detailed in Hutch Opp. Brief, pursuant to New York law and binding Second Circuit precedent, the defendants/insurers omission of a known exclusion—the Virus Exclusion—that would have clarified any ambiguity regarding coverage requires a finding of coverage in the plaintiffs/insureds' favor. Id.; Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co., 505 F.2d 989, 1000 (2d Cir. 1974).

Simply put, the Salvatore's/Harford Action presents circumstances wherein the insurer is

attempting to obtain a decision absent this crucial analysis being performed because in that case, unlike in the Hutch/Erie Action, the BXI/Hartford Action, and the Kim/Philadelphia Action, the defendant/insurer included the known Virus Exclusion in its policy.

Based on the importance of insurers' omission of the known Virus Exclusion in considering the Common Question, The Hartford's attempt in the Salvatore's/Harford Action to have the Physical Loss Language judicially interpreted in a vacuum without consideration of the fact that The Hartford, and the other insures, issued the same policies with the same Physical Loss Language that included a Virus Exclusion, must be rejected.

## CONCLUSION

For all of the reasons set forth in the foregoing arguments, Plaintiffs in the BXI/Hartford Action and Hutch/Erie Action respectfully request that the Covid-19 BI Cases be consolidated pursuant to Rule 42(a) for the limited purpose of jointly considering whether the presence of COVID-19 is, or could cause, "direct physical loss of or damage to" property to trigger coverage under the subject insurance policies.

Dated: Buffalo, New York
November 5, 2020

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By: /s/ Steven W. Klutkowski

Charles C. Ritter, Jr.
Steven W. Klutkowski
Christopher M. Berloth
*Attorneys for Plaintiffs*
701 Seneca Street, Suite 750
Buffalo, New York 14210
critter@dhpglaw.com
sklutkowski@dhpglaw.com
cberloth@dhpglaw.com