UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUTCH & ASSOCIATES, INC. d/b/a HUTCH'S RESTAURANT; and DELAWARE RESTAURANT HOLDINGS, LLC d/b/a REMINGTON TAVERN & SEAFOOD EXCHANGE, for themselves and on behalf of a class of similarly situated policyholders, | |
| Plaintiffs, | Civ. Action No.: 1:20-cv-00896-GWC |
| - v - | *Hon. Geoffrey Crawford, Presiding* |
| ERIE INSURANCE COMPANY OF NEW YORK; ERIE INDEMNITY COMPANY d/b/a ERIE INSURANCE GROUP; ERIE INSURANCE COMPANY; ERIE INSURANCE PROPERTY & CASUALTY COMPANY; ERIE INSURANCE EXCHANGE; and FLAGSHIP CITY INSURANCE COMPANY, | JURY TRIAL DEMANDED |
| Defendants. | |

MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS

Buffalo, New York
November 6, 2020

DUKE HOLZMAN PHOTIADIS & GRESENS LLP
Charles C. Ritter, Jr.
Steven W. Klutkowski
Christopher M. Berloth
*Attorneys for Plaintiffs*
701 Seneca Street, Suite 750
Buffalo, New York 14210
critter@dhpglaw.com
sklutkowski@dhpglaw.com
cberloth@dhpglaw.com

# TABLE OF CONTENTS

**TABLE OF CONTENTS**................................................................................................i

**TABLE OF AUTHORITIES**........................................................................................ii

**PRELIMINARY STATEMENT**..................................................................................1

**ARGUMENT**...............................................................................................................2

> POINT I:
> GOVERNING CASE LAW SUPPORTS THAT COVID-RELATED LOSSES ARE COVERED
> UNDER THE POLICY ..................................................................................................2
>
> > A. The case law cited by Defendants is inapplicable, distinguishable, and
> > does not support that there is no coverage for COVID-related losses
> > under the circumstances presented ................................................................2

**CONCLUSION** ............................................................................................................6

## TABLE OF AUTHORITIES

S̲t̲a̲t̲u̲t̲e̲s̲/R̲u̲l̲e̲s̲/R̲e̲g̲u̲l̲a̲t̲i̲o̲n̲s̲:

F̲e̲d̲e̲r̲a̲l̲ R̲u̲l̲e̲ o̲f̲ C̲i̲v̲i̲l̲ P̲r̲o̲c̲e̲d̲u̲r̲e̲ 12(b)(6) ............................................................. 1

C̲a̲s̲e̲s̲:

Blue Springs Dental Care, LLC, et al. v. Owners Insurance Co.,
   2020 WL 5637963 (W.D. Mo. Sep. 21, 2020) ........................................... 5

Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of America,
   2020 WL 5938755 (N.D. Ga. Oct. 6, 2020) .......................................... 3, 4

Hillcrest Optical, Inc. v. Continental Cas. Co.,
   2020 WL 6163142 (S.D. Ala. Oct. 21, 2020) ........................................... 3

Infinity Exhibits, Inc. v. Certain Underwriters at Lloyds,
   2020 WL 5791583 (M.D. Fla. Sept. 9, 2020) ........................................... 3

Mark's Engine Co. No. 28 Rest. v. Travelers Indem. Co.,
   2020 WL 5938689 (C.D. Cal. Oct. 2, 2020)............................................. 4

Mudpie, Inc. v. Travelers Casualty Ins. Co. of Am.,
   2020 WL 5525171 (N.D. Cal. Sep. 14, 2020) .......................................... 3

North State Deli, LLC v. Cincinnati Ins. Co.,
   (N.C. Super. Ct. Case No. 20-CVS-02569, Oct. 7, 2020) .......................... 5

Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.,
   505 F.2d 989 (2d Cir. 1974).................................................................. 2

Pappy's Barber Shops, Inc. v. Farmers Group, Inc.,
   2020 WL 5847570 (S.D. Cal. Oct. 1, 2020) .......................................... 3, 4

Plan Check Downtown III, LLC v. AmGuard Ins. Co.,
   2020 WL 5742712 (C.D. Cal. Sept. 10, 2020) ......................................... 4

Sandy Point Dental, PC v. Cincinnati Ins. Co.,
   2020 WL 5630465 (N.D. Ill. Sept. 21, 2020) .......................................... 3

Studio 417, Inc. et al. v. The Cincinnati Ins. Co.,
   2020 WL 4692385 (W.D. Mo. Aug. 12, 2020) ......................................... 5

Taps & Bourbon on Terrace, LLC v. Underwriters at Lloyds London,
   Civ. No. 00375 (Pa. D.C. Oct. 26, 2020)................................................ 5

Turek Ents., Inc. v. State Farm Mut. Auto. Ins. Co.,
   2020 WL 5258484 (E.D. Mich. Sep. 3, 2020) .......................................... 5

West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Ins. Cos.,
   No. 2:20-cv-05663 (C.D. Cal. Oct. 27, 2020)........................................... 4

## PRELIMINARY STATEMENT

Plaintiffs Hutch & Associates, Inc. d/b/a Hutch's Restaurant ("Hutch") and Delaware Restaurant Holdings, LLC d/b/a Remington Tavern & Seafood Exchange ("Remington") (collectively "Plaintiffs" or the "Insureds") submit this Memorandum of Law (the "MoL"), on behalf of themselves and a class of plaintiffs, in further opposition to Defendants Erie Insurance Company of New York, Erie Indemnity Company d/b/a Erie Insurance Group, Erie Insurance Company, Erie Insurance Property & Casualty Company, Erie Insurance Exchange, and Flagship City Insurance Company's (collectively "Defendants" or "Erie" or the "Insurers") motion seeking to dismiss the claims against them pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (the "Motion to Dismiss").

As stipulated by the parties, this sur-reply MoL is for the sole purpose of addressing COVID-19-related court decisions that Defendants cited in their Reply Memorandum (Doc. 31) that have not already been cited in Defendants' and Plaintiffs' initial memoranda of law in support and opposition (Docs. 11-3 & 20).

For reasons set forth herein, Defendants' Motion to Dismiss should be denied in its entirety.

# ARGUMENT

## POINT I

### GOVERNING CASE LAW SUPPORTS THAT COVID-RELATED LOSSES ARE COVERED UNDER THE POLICY.

Defendants' Motion to Dismiss should be denied because: (1) the courts which have determined this same COVID-19 motion to dismiss, on *factually analogous* grounds, have denied this exact motion and ruled in the insureds' favor; and (2) the COVID-related case law cited by Defendants (the "*COVID Cases*") is inapplicable and both legally and factually distinguishable.

A.      The case law cited by Defendants is inapplicable, distinguishable, and does not support that there is no coverage for COVID-related losses under the circumstances presented.

The *COVID Cases* cited by Defendants are distinguishable and inapplicable as each one presents a situation of either: (a) the insured failing to allege the presence of the Virus at their property; (b) the inclusion of a virus exclusion in the policy; and/or (c) not applying precedent and distinguishable New York law.

Notably, not a single decision cited by Defendants addresses the fact that the insurance carriers issued virus exclusions to certain policyholders while omitting the same to others. This is a crucial issue, particularly given the binding legal precedent in the Second Circuit. See Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co., 505 F.2d 989, 1000 (2d Cir. 1974). "The maxim contra proferentem receives added force in this case because [Defendants] knew that their exclusions were ambiguous in the context of a [virus], and *they knew of but did not employ exclusionary terms used by other all risk insurers*"—and indeed also used by Defendants themselves. Id. (emphasis added).

Therefore, the *COVID Cases* cited by Defendants, at the very least, lack a crucial element of legal analysis. However, they also fail as being factually distinguishable.

- 2 -

For example, <u>Mudpie, Inc. v. Travelers Casualty Ins. Co. of Am.</u>, 2020 WL 5525171 (N.D. Cal. Sep. 14, 2020)—while ultimately granting the insurers' motion to dismiss on distinguishable grounds—expressly contradicts Defendants' arguments. Here, Defendants argue that the Physical Loss Language requires a physical alteration of property in order for coverage to be afforded. Yet, the <u>Mudpie</u> court expressly held that the Physical Loss Language[1] "does *not* require a 'physical alteration of the property' or 'a *physical change* in the condition of the property.'" 2020 WL 5525171 at *4 (emphasis added). Thus, the <u>Mudpie</u> court adopts the same interpretation of the Policy as Plaintiffs. <u>Id.</u>

Moreover, numerous of the cases cited by Defendants do not even involve an allegation that the virus was present at the insureds' premises and/or otherwise fail to allege physical loss of or damage to the property. <u>See</u> <u>Hillcrest Optical, Inc. v. Continental Cas. Co.</u>, 2020 WL 6163142 (S.D. Ala. Oct. 21, 2020); <u>Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of America</u>, 2020 WL 5938755 (N.D. Ga. Oct. 6, 2020); <u>Pappy's Barber Shops, Inc. v. Farmers Group, Inc.</u>, 2020 WL 5847570 (S.D. Cal. Oct. 1, 2020); <u>Sandy Point Dental, PC v. Cincinnati Ins. Co.</u>, 2020 WL 5630465 (N.D. Ill. Sept. 21, 2020); <u>Infinity Exhibits, Inc. v. Certain Underwriters at Lloyds</u>, 2020 WL 5791583 (M.D. Fla. Sept. 9, 2020). For instance, the court in <u>Henry's Louisiana Grill</u>, which Defendants go out of their way to discuss at length, specifically discusses the peculiarity of that particular plaintiff-insured's arguments:

> The Plaintiffs' allegation of a physical change here is curious. The Plaintiffs repeatedly note that COVID-19 has never been identified on the premises. Therefore, no physical change as a result of the virus' presence can be argued here.

2020 WL 5938755 at *4 (internal citations omitted).

---

[1]     The language in Plaintiffs' policy (the "Policy") requiring "direct physical loss of or damage to" property is hereinafter defined as the "Physical Loss Language."

Here, Plaintiffs clearly allege the presence of COVID-19 at the Premises and physical loss of and/or damage to the same, (Doc. 1 [*Complaint*], ¶¶ 48-65), and therefore can argue physical change as a result of the Virus' presence. This alone sets Plaintiffs apart from the *COVID Case* insureds.

Furthermore, many of the *COVID Cases* cited by Defendants involved a policy that included a virus exclusion. West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Ins. Cos., No. 2:20-cv-05663 (C.D. Cal. Oct. 27, 2020); Henry's Louisiana Grill, 2020 WL 5938755; Mark's Engine Co. No. 28 Rest. v. Travelers Indem. Co., 2020 WL 5938689 (C.D. Cal. Oct. 2, 2020); Pappy's Barber Shops, 2020 WL 5847570; Plan Check Downtown III, LLC v. AmGuard Ins. Co., 2020 WL 5742712 (C.D. Cal. Sept. 10, 2020). In other words, the insurers specifically did what Defendants here chose not to do: exclude virus-related losses from "physical loss of or damage to the property." Defendants' choice to omit exclusionary language in Plaintiffs' policy, while including it for other policyholders, is significant and cannot be ignored.

There is a stark distinction between the insureds in Defendant's *COVID Cases* and Plaintiffs' here. Plaintiffs' theories of liability and coverage are based off of, *inter alia*: (a) the absence of a virus exclusion, and that omission's impact on the Policy; (b) the actual presence of the Virus at the Premises, constituting and/or causing direct physical loss of or damage to the Premises; and (c) the governmental shutdown orders as a result of the presence of the Virus at property in the immediate vicinity of the Premises. These allegations (expressly made in the Amended Complaint) distinguish Plaintiffs' claims from the litany of policyholders nationwide who have claimed that they suffered "physical loss" solely a result of their respective municipalities' shut down orders and absent the presence of the Virus at their premises and/or in the immediate vicinity thereof.

While Plaintiffs certainly present arguments that physical loss and physical damage must be read separately and distinctly from one another—and thus that certain analyses contained in the *COVID Cases* cited by Defendants are wrong—the allegations set forth by Plaintiffs, which must be taken as true, establish that *it does not matter*. Plaintiffs suffered physical loss of or damage to the property because of the presence of the Virus. Naturally, if insureds in the *COVID Cases* never had COVID-19 at their premises, they cannot be considered factually analogous cases to Plaintiffs.

Furthermore, Plaintiffs arguments—both (i) challenging the erroneous analysis in Defendants' *COVID Cases* and (ii) arguing that the presence of the Virus is and/or results in physical loss of or damage to the Premises—are supported by the analogous COVID-related decisions. Studio 417, Inc. et al. v. The Cincinnati Ins. Co., 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020); Blue Springs Dental Care, LLC, et al. v. Owners Insurance Co., 2020 WL 5637963 (W.D. Mo. Sep. 21, 2020). Inn order to review Defendants' newly-cited *COVID Cases* in context, it should be noted that even more recent decisions further substantiate the validity of Plaintiffs' claims. See North State Deli, LLC v. Cincinnati Ins. Co., (N.C. Super. Ct. Case No. 20-CVS-02569, Oct. 7, 2020) (granting summary judgment to the plaintiff-insureds and explaining that the carrier's "argument that the Policies require alteration conflates 'physical loss' and 'physical damage.'"); Taps & Bourbon on Terrace, LLC v. Underwriters at Lloyds London, Civ. No. 00375 (Pa. D.C. Oct. 26, 2020) (denying defendant-insurers' motion to dismiss); cf. Turek Ents., Inc. v. State Farm Mut. Auto. Ins. Co., 2020 WL 5258484 (E.D. Mich. Sep. 3, 2020) (distinguishing Studio 417 and explaining that the insureds did not allege similar factual circumstances or applicable policy language).

Therefore, the Court should apply the factually analogous COVID-related case law and deny the Defendants' Motion to Dismiss in its entirety.

## **CONCLUSION**

For all of the reasons set forth in the foregoing arguments, Plaintiffs respectfully

requests that this Court deny Defendants Motion to Dismiss in its entirety.

Dated: Buffalo, New York
      November 6, 2020

           DUKE HOLZMAN PHOTIADIS & GRESENS LLP

      By:    /s/ *Christopher M. Berloth*
            Charles C. Ritter, Jr.
            Steven W. Klutkowski
            Christopher M. Berloth
            *Attorneys for Plaintiffs*
            701 Seneca Street, Suite 750
            Buffalo, New York 14210
            critter@dhpglaw.com
            sklutkowski@dhpglaw.com
            cberloth@dhpglaw.com